**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.L.**

**No. 25-389** (Wayne County CC-50-2024-JA-38)

## MEMORANDUM DECISION

Petitioner Mother T.H.[1] appeals the Circuit Court of Wayne County's June 3, 2025, order terminating her parental rights to A.L., arguing that the circuit court erred by not affording her an improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Because the resolution of this matter turns on a narrow legal issue, it is unnecessary to belabor the procedural history. Instead, it is sufficient to note that the DHS filed a petition in April 2024 and, at an adjudicatory hearing in July 2024, the circuit court adjudicated the petitioner of neglecting the child upon accepting her stipulation. Ultimately, the circuit court terminated the petitioner's parental rights to the child following a dispositional hearing in April 2025. Termination was based, in part, upon the petitioner's nonparticipation in services, including her failure to request visits or phone calls with A.L., work with the DHS to develop a case plan, attend multidisciplinary team meetings, complete any parenting instruction, submit to drug screens, or provide any support to the child. The petitioner now appeals the dispositional order terminating her parental rights.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by terminating her parental rights without first affording her an improvement

---

[1] The petitioner appears by counsel Kerry A. Nessel. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Counsel Raymond A. Nolan appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] Both parents' parental rights were terminated, and the permanency plan for the child is adoption in the current placement.

period.[4] However, "[a] circuit court may not grant a[n] . . . improvement period under W. Va. Code § 49-4-610 . . . unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021). The petitioner fails to include any citation to the record demonstrating that she moved for an improvement period; thus, the circuit court was not permitted to grant her an improvement period. *See also* W. Va. R. App. P. 10(c)(7) (requiring that a petitioner's brief "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."). The petitioner is therefore entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 3, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: June 1, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[4] Though the petitioner argues the circuit court erred in terminating her parental rights, she has not developed that argument beyond that conclusory statement. Instead, her argument with respect to the circuit court's dispositional decision is that termination was improper only because she had not been afforded an improvement period.